**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| Suzanne Cyganiewicz, | : |
| | : |
| Plaintiff, | :   Case No. |
| | : |
| v. | : |
| | : |
| Sallie Mae, Inc. | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Suzanne Cyganiewicz ("Plaintiff"), through her attorneys, alleges the following against Defendant, Sallie Mae, Inc. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court a arises pursuant to 28 U.S.C. 1331.

3. Defendant conducts business in the State of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Winchendon, Worcester County, Massachusetts.

6. Defendant is a business entity with an office located at 12061 Bluemont Way, Reston, VA 20190.

7. Defendant, in the ordinary course of business, on behalf of itself or others, engages in debt collection.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around March of 2013, Defendant began constantly and consistently placing collection calls to Plaintiff's cellular telephone.

10. Defendant placed collection calls in an attempt to collect a student loan from Plaintiff's daughter, of which Plaintiff is a co-signer.

11. Defendant places collection calls to Plaintiff on Plaintiff's cell phone at 978-821-91XX.

12. Defendant places collection calls from 317-348-9984 and 319-348-9985.

13. Per its prior business practices, Defendant's collection calls were placed using an automated dialer.

14. On March 14, 2013 at approximately 6:15 P.M., Plaintiff spoke to Defendant's representative, "Kiley", and requested that Defendant cease placing collection phone calls.

15. Despite Plaintiff's request, Defendant continued to place automated collection calls to Plaintiff's cellular phone.

16. On March 16, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 9:41 A.M. and 6:13 P.M.

17. On March 17, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 3:58 P.M.

18. On March 19, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 3:06 P.M.

19. On March 21, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 6:24 P.M.

20. On March 23, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:07 A.M., 9:35 A.M., 11:45 A.M., and 4:49 P.M.

21. On March 24, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 3:42 P.M.

22. On March 25, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 6:05 P.M., 7:18 P.M., and 8:41 P.M.

23. On March 26, 2013, Defendant placed nine (9) automated collection calls to Plaintiff's cell phone at the following approximate times: 1:23 P.M., 3:18 P.M., 3:19 P.M., 4:42 P.M., 4:43 P.M., 6:08 P.M., 6:09 P.M., and 8:04 P.M.

24. On March 27, 2013, Defendant placed eight (8) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:35 A.M., 9:48 A.M., 11:58 A.M., 1:49 P.M., 3:17 P.M., 4:46 P.M., 6:09 P.M., and 7:33 P.M.,

25. On March 28, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:41 A.M., 12:28 P.M., 2:17 P.M.,

3:31 P.M., 4:45 P.M., 5:58 P.M., and 8:34 P.M.

26. On March 29, 2013, Defendant placed eight (8) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:32 A.M., 10:08 A.M., 11:37 A.M., 1:50 P.M., 2:58 P.M., 4:08 P.M., 5:41 P.M., and 7:38 P.M.

27. On March 30, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:09 A.M., 9:19 A.M., 10:37 A.M., 1:09 P.M., 2:24 P.M., 3:41 P.M., and 5:28 P.M.

28. On April 1, 2013, Defendant placed five (5) automated collection calls to Plaintiff's cell phone at the following approximate times: 1:42 P.M., 3:38 P.M., 5:18 P.M., 7:31 P.M., and 8:39 P.M.

29. On April 2, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 2:17 P.M. and 7:53 P.M.

30. On April 3, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 2:10 P.M., 3:49 P.M., 5:29 P.M., and 8:54 P.M.

31. On April 4, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 2:54 P.M., 4:26 P.M., and 8:20 P.M.

32. On April 5, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 1:33 P.M., 3:32 P.M., 5:15 P.M., and 7:42 P.M.

33. On April 6, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:20 A.M. and 7:47 P.M.

34. On April 7, 2013, Defendant placed two (2) automated collection calls to

Plaintiff's cell phone at the following approximate times: 6:00 P.M. and 7:49 P.M.

35. On April 8, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:56 A.M., 12:38 P.M., 1:59 P.M., 3:50 P.M., 5:31 P.M., 7:18 P.M., and 8:28 P.M.

36. On April 9, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 12:52 P.M., 2:11 P.M., and 5:39 P.M.

37. On April 10, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:36 A.M., 12:21 P.M., 1:30 P.M., 3:11 P.M., 5:14 P.M., 7:25 P.M., and 8:12 P.M.

38. On April 11, 2013, Defendant placed five (5) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:57 A.M., 2:45 P.M., 4:24 P.M., 5:57 P.M., and 8:51 P.M.

39. On April 12, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 1:44 P.M., 3:31 P.M., 5:23 P.M., and 8:38 P.M.

40. On April 25, 2013, Defendant placed eight (8) automated collection calls to Plaintiff's cell phone at the following approximate times: 9:54 A.M., 11:50 A.M., 1:36 P.M., 2:52 P.M., 4:02 P.M., 5:10 P.M., 6:23 P.M., 7:30 P.M.

41. On April 26, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:25 A.M., 10:51 A.M., 12:57 P.M., 2:32 P.M., 3:46 P.M., 4:52 P.M., and 6:32 P.M.

42. On April 27, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:47 A.M., 10:39 A.M., and 7:12 P.M.

43. On May 4, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:49 A.M., 9:57 A.M., and 8:41 P.M.

44. On May 6, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 11:52 A.M., 2:36 P.M., and 4:41 P.M., and 7:33 P.M.

45. On May 7, 2013, Defendant placed six (6) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:52 A.M., 11:17 A.M., 1:10 P.M., 3:20 P.M., 5:34 P.M., and 7:52 P.M.

46. On May 8, 2013, Defendant placed six (6) automated collection calls to Plaintiff's cell phone at the following approximate times: 9:48 A.M., 10:51 A.M., 12:25 A.M., 3:27 P.M., 5:25 P.M., and 8:09 P.M.

47. On May 9, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 7:25 A.M., 12:30 P.M., and 2:23 P.M.

48. On May 10, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:40 A.M., 9:53 A.M., 12:00 P.M., 1:42 P.M., 3:30 P.M., 5:26 P.M., and 7:11 P.M.

49. Defendant placed at least one hundred and forty-seven (147) automated collection calls to Plaintiff's cell phone after receiving Plaintiff's request to cease calling.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

50. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, Suzanne Cyganiewicz, respectfully requests judgment be entered against Defendant, Sallie Mae, Inc. for the following:

52. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

53. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

54. All court costs, witness fees and other fees incurred; and

55. Any other relief that this Honorable Court deems appropriate.

By: /s/ David R. Jackowitz

David R. Jackowitz,
B.B.O. No. 567279
Shaevel & Krems, LLP
141 Tremont Street
Boston, MA 02111
Telephone: (617) 556-0244
Fax: (617) 556-0284
djackowitz@shaevelkrems.com
Attorneys for Plaintiff